**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **Najah Gray,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **No:** |
| v. ) | |
| ) | |
| **John C. Bonewicz, P.C.,** an Illinois ) | |
| Corporation; **Agent Arnisha,** Individually, ) | |
| and as Agent, Apparent Agent, Servant, ) | |
| and/or Employee of **John C. Bonewicz, P.C.,** ) | |
| and **Unknown Debt Collectors,** Individually, ) | |
| and as Agents, Apparent Agents, Servants, ) | |
| and/or Employees of **John C. Bonewicz,** ) | |
| **P.C.,** ) | |
| ) | **JURY DEMANDED** |
| **Defendants.** ) | |

## COMPLAINT AT LAW

**NOW COMES Plaintiff**, **Najah Gray**, by her Attorneys, Robert J. Semrad & Associates, L.L.C., and pursuant to this Complaint at Law, states the following against the above named **Defendants**, to wit: **John C. Bonewicz, P.C.,** an Illinois Corporation; **Agent Arnisha,** Individually, and as Agent, Apparent Agent, Servant, and/or Employee of **John C. Bonewicz, P.C.;** and **Unknown Debt Collectors**, Individually, and as Agents, Apparent Agents, Servants, and/or Employees of **John C. Bonewicz, P.C.**

## JURISDICTION

1. The jurisdiction of the court is invoked pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). Venue is proper as the actions that give rise to this complaint occurred, **Plaintiff** resides, and **Defendants** conduct business within this District.

1

## PARTIES

2. **Plaintiff** is a citizen of the County of DuPage, State of Illinois, and United States of America, and is a "consumer" as that term is defined by 15 U.S.C. § 1692(a)(3).

3. **Defendant**, **John C. Bonewicz, P.C.,** (hereinafter "**Bonewicz**") is an Illinois Corporation conducting business in the County of DuPage, State of Illinois, and United States of America and is a "debt collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

4. **Defendant, Agent Arnisha**, is a natural person conducting business in the County of DuPage, State of Illinois, and United States of America and is a "debt collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

5. At all relevant times, **Agent Arnisha** was the agent, apparent agent, servant, and/or employee of **Bonewicz,** and was acting in the course and scope of her agency, servitude and/or employment.

6. **Defendants, Unknown Debt Collectors**, are natural persons conducting business in the County of DuPage, State of Illinois, and United States of America, and are each a "debt collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

7. At all relevant times, **Unknown Debt Collectors**, were each the agent, apparent agent, servant, and/or employee of **Bonewicz**, and were each acting in the course and scope or his/her agency, servitude, and/or employment.

## FACTUAL ALLEGATIONS

8. In 2009, **Plaintiff** incurred a consumer credit card debt.
9. This debt was for personal use.
10. This debt was a "debt" as that term is defined by 15 U.S.C. § 1692(a)(5).
11. On or about November 2, 2009, **Agent Arnisha** called **Plaintiff** at work in an attempt to collect said debt.
12. During said November 2nd telephone conversation, **Agent Arnisha** and **Plaintiff** discussed the prospect of entering into a payment plan.

13. When said payment plan discussions ended without a resolution, **Agent Arnesha** demanded that **Plaintiff** connect her with **Plaintiff's** human resources or payroll department.

14. During said November 2nd telephone conversation, **Plaintiff** told **Agent Arnisha** that she was not to call **Plaintiff** at work and when asked, provided **Agent Arnisha** with her personal cell phone number as an alternate number to contact **Plaintiff**.

15. On November 4, 2009, **Plaintiff** received a telephone call on **Plaintiff's** cell phone from the same phone number that **Agent Arnisha** had called from on November 2nd.

16. Immediately thereafter, **Agent Arnisha** contacted **Plaintiff** by telephone at work.

17. During said November 4th telephone conversation, **Plaintiff** once again told **Agent Arnisha** not to call her at work and reminded her that **Plaintiff** had given her **Plaintiff's** cell phone number on November 2nd.

18. During said November 4th telephone conversation, **Agent Arnisha**, despite the fact that someone had just attempted to contact **Plaintiff** on **Plaintiff's** cell phone, denied that **Plaintiff** had given **Agent Arnisha** her cell phone number.

19. During said November 4th telephone conversation **Plaintiff** gave **Agent Arnisha** her cell phone number and **Agent Arnisha** stated that she would take **Plaintiff's** work number out of their system.

20. Nevertheless, **Agent Arnesha** contacted **Plaintiff** at work twice on November 5th, 2009.

21. Nevertheless, **Agent Arnesha** contacted **Plaintiff** at work three times on November 6th, 2009.

22. Thereafter, between November 2009 and February 2010, **Agent Arnesha** and **Unknown Debt Collectors** contacted **Plaintiff** on her cell phone approximately three times.

3

23.     During each of these approximately three phone calls, **Plaintiff** once again told **Agent Arnesha** and **Unknown Debt Collectors**, that they are not to contact her on her work phone.

24.     During each of these approximately three phone calls, **Agent Arnesha** and **Unknown Debt Collectors** indicated that they would take **Plaintiff's** work number out of their system.

25.     Nevertheless, between November 2009 and February 2010, **Agent Arnesha** and **Unknown Debt Collectors** continued to attempt to contact, or contacted, **Plaintiff,** at her work number, despite **Plaintiff's** further insistence that they not contact her at work.

26.     Said attempts and contacts ceased on or about February, 2010, after **Plaintiff** informed an **Unknown Debt Collector**, that she had filed for bankruptcy protection.

27.     During the aforementioned telephone calls, **Agent Arnesha** and **Unknown Debt Collectors** represented that they were calling on behalf of **Bonewicz** in attempting to collect said debt.

### COUNT I
### Plaintiff v. Bonewicz; Agent Arnesha; and Unknown Debt Collectors
### Fair Debt Collection Practices Act

1-27.   **Plaintiff** restates and re-alleges paragraphs 1-27, as and for paragraphs 1-27 of Count I, as though fully set forth herein.

28.     The aforementioned telephone calls from **Agent Arnesha** and **Unknown Debt Collectors,** to **Plaintiff,** were collection communications in violation of provisions of the FDCPA, as aforesaid.

29.     As a direct and proximate result of the aforementioned actions, **Plaintiff** suffered injuries of a personal and pecuniary nature including, but not limited to: pregnancy complications, anxiety, embarrassment, and emotional harm, physical harm.

30.     As a result of **Defendants'** violations of the FDCPA, **Plaintiff** is entitled to actual damages pursuant to 15 U.S.C. § 1692(k)(a)(1); statutory damages in an

amount up to $1,000.00 per incident pursuant to 15 U.S.C. § 1692(k)(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692(k)(a)(3) from **Defendants**.

**WHEREFORE**, **Plaintiff** prays that judgment be entered

- against **Defendant, Bonewicz**; **Defendant, Agent Arnesha**, Individually, and as agent, apparent agent, servant, and/or employee of **Bonewicz;** and **Defendants, Unknown Debt Collectors,** Individually, and as agents, apparent agents, servants, and/or employees of **Bonewicz,** and each of them, in favor of **Plaintiff,** for an award of actual damages pursuant to 15 U.S.C. § 1692(k)(a)(1);
- against **Defendant, Bonewicz**; **Defendant, Agent Arnesha**, Individually, and as agent, apparent agent, servant, and/or employee of **Bonewicz;** and **Defendants, Unknown Debt Collectors,** Individually, and as agents, apparent agents, servants, and/or employees of **Bonewicz,** and each of them, in favor of **Plaintiff,** for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692(k)(a)(2)(A);
- against **Defendant, Bonewicz**; **Defendant, Agent Arnesha**, Individually, and as agent, apparent agent, servant, and/or employee of **Bonewicz;** and **Defendants, Unknown Debt Collectors,** Individually, and as agents, apparent agents, servants, and/or employees of **Bonewicz,** and each of them, in favor of **Plaintiff,** for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692(k)(a)(3); and;
- for any other such further relief as may be just and proper.

### COUNT II
### Plaintiff v. Bonewicz
### Negligence

1-27. **Plaintiff** restates and re-alleges paragraphs 1-27, as and for paragraphs 1-27 of Count II, as though fully set forth herein.

28. At all times relevant, **Bonewicz**, by and through its agents, servants, and/or employees, knew, or should have known, that **Agent Arnesha** and

**Unknown Debt Collectors** were likely to violate provisions of the FDCPA when collecting debts from **Plaintiff** and others, at the time it hired **Agent Arnesha** and **Unknown Debt Collectors**.

29. At all times relevant, **Bonewicz**, by and through its agents, servants, and/or employees, knew, or should have known, that **Agent Arnesha** and **Unknown Debt Collectors** were violating provisions of the FDCPA when collecting debts from **Plaintiff** and others, throughout the employ of **Agent Arnesha** and **Unknown Debt Collectors**.

30. At all times relevant, **Bonewicz**, by and through its agents, servants, and/or employees, knew, or should have known, that **Agent Arnesha** and **Unknown Debt Collectors**, required proper training in order to comply with the FDCPA and that without proper training were likely to violate the FDCPA.

31. At all times relevant, **Bonewicz** had a duty to exercise due care in the hiring, retention, training, and supervision of the debt collectors in its employ.

32. Notwithstanding the aforesaid duty, **Bonewicz**, by and through its agents, apparent agents, servants, and or employees breached their duty in one or more of the following ways:

   a. Carelessly and negligently hired **Agent Arnesha** and **Unknown Debt Collectors**;

   b. Carelessly and negligently failed to properly train **Agent Arnesha** and **Unknown Debt Collectors;**

   c. Carelessly and negligently retained **Agent Arnesha** and **Unknown Debt Collectors**; and

   d. Carelessly and negligently, failed to properly supervise **Agent Arnesha** and **Unknown Debt Collectors**.

33. As a direct and proximate result of the aforementioned actions and/or omissions, **Agent Arnesha** and **Unknown Debt Collectors** violated the FDCPA as aforesaid while attempting to collect a debt from **Plaintiff**.

34. As a direct and proximate result of the aforementioned actions and/or omissions, **Plaintiff** suffered injuries of a personal and pecuniary nature including,

but not limited to: pregnancy complications, anxiety, embarrassment, and emotional and physical harm.

**WHEREFORE**, **Plaintiff** prays that judgment be entered:

- against **Defendant, Bonewicz**, and in favor of **Plaintiff,** for an award of actual damages;
- against **Defendant, Bonewicz,** and in favor of **Plaintiff,** for an award of costs of suit; and
- for any other such further relief as may be just and proper.

### COUNT III
### Plaintiff v. Bonewicz
### Willful, Wanton Behavior

1-27. **Plaintiff** restates and re-alleges paragraphs 1-27 of the common counts, as and for paragraphs 1-27 of Count III, as though fully set forth herein.

28. At all times relevant, **Bonewicz**, by and through its agents, servants, and/or employees, knew, or should have known, that **Agent Arnesha** and **Unknown Debt Collectors** were likely to violate provisions of the FDCPA when collecting debts from **Plaintiff** and others, at the time it hired **Unknown Debt Collectors**.

29. At all times relevant, **Bonewicz**, by and through its agents, servants, and/or employees, knew, or should have known, that **Agent Arnesha** and **Unknown Debt Collectors** were violating provisions of the FDCPA when collecting debts from **Plaintiff** and others, throughout the employ of **Agent Arnesha** and **Unknown Debt Collectors**.

30. At all times relevant, **Bonewicz**, by and through its agents, servants, and/or employees, knew, or should have known, that **Agent Arnesha** and **Unknown Debt Collectors**, required proper training in order to comply with the FDCPA and that without proper training were likely to violate the FDCPA.

31. At all times relevant, **Bonewicz** had a duty to exercise due care in the hiring, retention, training, and supervision of the debt collectors in its employ.

32. Notwithstanding the aforesaid said duty, in conscious disregard to, and in utter disregard for the rights of those it was attempting to collect from, including **Plaintiff**, **Bonewicz**, by and through its agents, apparent agents, servants, and or employees acted willfully and wantonly in one or more of the following ways:

   a. Willfully and wantonly hired **Agent Arnesha** and **Unknown Debt Collectors**;

   b. Willfully and wantonly failed to properly train **Agent Arnesha** and **Unknown Debt Collectors;**

   c. Willfully and wantonly retained **Agent Arnesha** and **Unknown Debt Collectors**; and

   d. Willfully and wantonly failed to properly supervise **Agent Arnesha** and **Unknown Debt Collectors**.

33. As a direct and proximate result of the aforementioned actions and/or omissions, **Agent Arnesha** and **Unknown Debt Collectors** violated the FDCPA as aforesaid while attempting to collect a debt from **Plaintiff**.

34. As a direct and proximate result of the aforementioned actions and/or omissions, **Plaintiff** suffered injuries of a personal and pecuniary nature including, but not limited to: pregnancy complications, anxiety, embarrassment, and emotional and physical harm.

**WHEREFORE**, **Plaintiff** prays that judgment be entered:

- against **Defendant, Bonewicz**, and in favor of **Plaintiff,** for an award of actual damages;
- against **Defendant, Bonewicz**, and in favor of **Plaintiff,** for an award of punitive damages;
- against **Defendant, Bonewicz,** and in favor of **Plaintiff,** for an award of costs of suit; and
- for any other such further relief as may be just and proper.

Respectfully Submitted,

/s/ Christian D. Elenbaas
Christian D. Elenbaas
ARDC 6291530

Robert J. Semrad & Associates, L.L.C.
*Attorneys for Plaintiff*
20 S. Clark St., 28th Floor
Chicago, Illinois 60603
Ph 312-913-0625 ext. 170
Fax 312-476-8530